IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MASCO CORPORATION OF INDIANA, <br><br> Defendant. | Civil No. 13-05 (JBS/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's "Motion for Leave to Amend Invalidity Contentions." [Doc. No. 38]. The Court received plaintiff's opposition [Doc. No. 39], defendant's reply [Doc. No. 41], and plaintiff's surreply [Doc. Nos. 42, 43]. The Court held oral argument on August 9, 2013. For the reasons to be discussed defendant's motion is GRANTED.

Background

Plaintiff filed its patent infringement complaint on January 2, 2013. Plaintiff alleges defendant infringes its patent No. 8,316,475 ("475 patent") titled "High Performance Toilet Capable of Operation at Reduced Flush Volumes." Complaint ¶14. The Court held the Rule 16 Scheduling Conference on April 10, 2013, and entered its first Scheduling Order on April 11, 2013. [Doc. No. 24]. The Order tracks the deadlines in New Jersey's Local Patent Rules. Pursuant to L. Pat. R. 3.3, the Order directed defendant to serve its invalidity contentions by June 17, 2013. Order ¶6.

Defendant now seeks to amend the contentions that it timely served on June 17, 2013, with seven new units (i.e., toilets) of prior art.[1]

Defendant's original proposed amendment was served on plaintiff on July 2, 2013, with a request to consent to the amendment. Plaintiff did not consent and defendant filed the present motion on July 10, 2013.[2] Defendant presents two reasons why its original proposed amendment was not served by June 17, 2013. First, it claims some of new units were in the possession of a third-party (hereinafter "Target Company") and it did not get access to the units until after June 17, 2013. Second, defendant claims that a "Western Pottery unit" was located in the home of one of its employees and the unit was not "harvested" until June 27, 2013. Brief at 8. The unit was then sent to defendant on June 28, 2013, and then on to defendant's expert on July 1, 2013. Id.

On July 29, 2013, defendant filed its reply to plaintiff's July 22, 2013 opposition. Included as part of the reply was defendant's new proposed amendment which supplements the original

---

[1] Defendant is not just proposing to add new units of prior art. See Plaintiff's Surreply at 2, Exhibit R. However, the other amendments do not appear to be especially significant since the plaintiff did not address them in detail in its surreply and during oral argument. The parties focused their arguments on the proposed new units.

[2] The original proposed amendment is attached as Exhibit D to the Declaration of John V. Gorman, Esquire, included with plaintiff's response to defendant's motion. Doc. No. 39-5.

2

proposed amendment served on plaintiff on July 2, 2013. See Declaration of Robert A. Assuncao, Esquire, Exhibit R, Doc. No. 41-2.[3] The new amendment added two more units of prior art from Gerber. Defendant argues that it received the units after its original motion was filed in response to its subpoena served on June 18, 2013.

Plaintiff argues defendant's motion is late, that defendant did not act diligently, and that it is prejudiced by the amendment. As to the new units from the Target Company, plaintiff argues defendant should not have waited until June 17, 2013, to serve its subpoena for the units. Defendant counters by arguing that it was waiting for the entry of the Discovery Confidentiality Order ("D.C.O.") to serve its subpoena. Defendant also points out that it served its subpoena soon after the June 7, 2013 hearing when the Court advised defendant that it should not wait until the D.C.O. was entered to serve its subpoenas. As to the new Western Pottery unit, plaintiff argues defendant should have requested and obtained

---

[3] During oral argument the Court expressed its displeasure at the fact that defendant's reply papers did not specifically point out that it proposed to supplement its original amendment. This should have been done. The matter was brought to the Court's attention after it granted plaintiff leave to file a surreply. Plaintiff appropriately argued that its surreply was necessary to address an issue defendant raised for the first time in its reply. Albeit, the Court acknowledges that defendant's Brief stated that it served its Gerber subpoena on June 18, 2013, and that it might supplement its invalidity contentions in time for the August 5, 2013 return date. Brief at 6 n.11. [Doc. No. 38-1]. As defendant knows by now, however, amendments to contentions are not treated cavalierly.

the unit from its employee before June 17, 2013. Defendant counters by arguing that it made its request to Delta's employees on June 19, 2013, and promptly thereafter it inspected the unit in place, arranged for it to be removed or "harvested," and then arranged for the unit's transportation to and inspection by defendant's expert. As to the new Gerber units included in defendant's July 29, 2013 supplement, plaintiff argues they were produced in response to a subpoena served after the June 17, 2013 deadline to serve invalidity contentions. At oral argument defendant could not explain why it waited until June 18, 2013 to serve Gerber with a subpoena.

Discussion

The Court's analysis of the applicable law starts with paragraph 6 of the April 11, 2013 Scheduling Order which tracks L. Pat. R. 3.7. The Order and Patent Rule 3.7 provides that contentions may only be amended upon Order of the Court "upon a timely application and showing of good cause." In O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1364-65 (Fed. Cir. 2006), the Federal Circuit held that Federal Circuit law, not regional Circuit law, governs the interpretation of the meaning of "good cause" in the context of a Local Patent Rule addressing when contentions may be amended. Id. at 1364. The key factor to look at to determine whether good cause exists is the diligence of the moving party. Diligence has two aspects to it.

4

One is whether the moving party acted diligently to discover that a supplement or amendment was appropriate. The second aspect is whether the moving party promptly moved to amend its contentions after it learned an amendment was necessary. See generally O2 Micro, supra. In determining whether good cause exists courts also consider other factors such as (1) the reason for the delay, including whether it was within the reasonable control of the party responsible for it; (2) the importance of what is to be excluded; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings. See Oy Ajat, Ltd. v. Vatech America, Inc., C.A. No. 10-4875 (PGS), 2012 WL 1067900, at *20-21 (D.N.J. March 29, 2012)(collecting cases).

Within the meaning of how the term is defined in the present context, the Court finds that defendant acted diligently. As to the Target Company units, defendant promptly served its subpoena after the June 7, 2013 conference. It then only took defendant approximately 3-4 weeks to inspect the units and to produce its amended contentions. Although the Court disagreed that defendant had to wait for the entry of a D.C.O. to serve its subpoenas, defendant acted promptly after it was alerted by the Court that a further delay was not appropriate. As to the Western Pottery unit, it only took approximately two (2) weeks after defendant sent its request to its employees to identify, inspect, remove, and examine

5

the unit, and then to produce its amended contentions. As to the new Gerber units, the defendant acted promptly after the units were received on or about July 10, 2013, to prepare its supplement which was served less than three weeks later on July 29, 2013. To be sure, plaintiff is correct that it was possible for the defendant to obtain the new units earlier. However, the Local Patent Rules and applicable case law do not require prefect diligence. Especially at this early stage of the case the parties are afforded reasonable flexibility. See Helsinn Heathcare S.A. v. Dr. Reddy's Laboratories Ltd., C.A. No. 11-3962 (MLC), 2013 WL 3336859, at *4 (D.N.J. July 2, 2013)(since the moving party was "conscientiously pursuing its obligations," motion to amend invalidity contentions granted even though the moving party did not act "as expeditiously as possible").

It is correct that motions to supplement contentions are treated more conservatively than motions to amend under Fed. R. Civ. P. 15. That is why O2 Micro held that good cause under a Northern District of California Rule akin to Rule 3.7 requires a showing of diligence. This is to prevent the so-called "shifting sands" approach to claim construction. O2 Micro, 467 F.2d at 1364. However, the O2 Micro analysis is not inflexible. The decision supports the proposition that Rule 3.7 seeks to balance the right to develop new information with the need for certainty as to the legal theories that will be asserted. Id. at 1366. As noted in

TFH Publications, Inc. v. Doskocil Mfg. Co., Inc., 705 F. Supp. 2d 361, 366 (D.N.J. 2010), quoting Comcast Cable Communications Corp. v. Finisar Corp., No. C06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. March 2, 2007), Patent Rule 3.7 is not a straitjacket into which litigants are locked from the moment their contentions are served. The TFH decision further noted that a modest degree of flexibility exists with regard to amendments of contentions, at least near the outset of a case. Id.; see also International Development LLC v. Richmond, C.A. No. 09-2495 (GEB) 2011 WL 149859, at *3 (D.N.J. Jan. 18, 2011); AstraZeneca AB v. Hanmi USA Inc., C.A. No. 11-760 (JAP), 2011 WL 5526009, at *4 (D.N.J. Nov. 14, 2011). These three cases, TFH, International Development and AstraZeneca, granted motions to amend contentions in situations not too dissimilar from the instant case. In contrast, plaintiff does not cite a single case where a request to amend contentions was denied at this relatively early stage of the case. There is no question that defendant "crystallized" its theory of the case early in the litigation. O2 Micro, 467 F.3d at 1364. Plaintiff received defendant's original proposed amendment only fifteen days after the June 17, 2013 deadline. Plaintiff received defendant's supplement only approximately six weeks after the deadline.

Plaintiff focuses its opposition on the fact that defendant could have obtained the new units before June 17, 2013. However, as noted, the Court will grant plaintiff's motion even in the absence

7

of perfect diligence.  At oral argument defense counsel discussed the informal means he used in an effort to obtain the new units, albeit unsuccessfully.  Defendant did not simply "sit on its hands" before June 17, 2013.  See Assuncao Decl. Exhibits B-F, Doc. No. 38-2.  As discussed, after the Court made it clear at the June 7, 2013 conference that defendant should not wait to serve its subpoenas, defendant promptly moved to serve its subpoenas.  Although the Gerber subpoena was apparently served on June 18, 2013, this was still only eleven days after the June 7, 2013 conference.

The Court also finds that plaintiff will not be prejudiced by defendant's amendment.[4]  In deciding whether defendant's proposed amendments would unfairly prejudice plaintiff the Court considers whether permitting the proposed amendment would (1) require plaintiff to expend significant additional resources; or (2) significantly delay the resolution of the dispute.  TFH Publications, Inc., 705 F. Supp. 2d at 366; see also 02 Micro, 467 F.3d at 1366-68.  Although defendant's amendment may require some additional work on plaintiff's part, the additional work is not

---

[4]If made, the Court will entertain plaintiff's reasonable request to adjust the present scheduling deadlines to accommodate defendant's amendment.  The Court directs the parties to meet and confer about this issue and, if necessary, to submit a proposed scheduling change to the Court.  The Court notes that on June 24, 2013 [Doc. No. 36], it approved the request to extend plaintiff's responses to defendant's invalidity contentions from June 28, 2013 to July 12, 2013.

8

significant or vexatious.  In addition, trial is not imminent and has not even been scheduled.  Thus, defendant's amendment will not delay trial.  Further, no depositions have been taken, expert reports have not been produced, the Markman hearing has not been held, and the Markman hearing is not even scheduled.  Thus, the amendment will not delay the Markman ruling.  In addition, the lack of prejudice is evidenced by the fact that plaintiff's opposition does not raise any alleged material prejudice it will suffer. Plaintiff has not demonstrated that defendant's amendments are so extensive that they will require it to conduct significant additional work.  In the context of the complexity of the issues to be litigated, and the transaction costs likely to be spent, the Court does not consider the additional inspection trips plaintiff complains about to be unduly burdensome or excessive.

An instructive case is International Development, LLC, supra. In that case then Chief Judge Brown granted in part the defendant's motion to amend its infringement contentions.  The amendment was permitted even though it was made on the eve of trial and only a few months earlier defendant's first motion to amend contentions was granted.  The Court granted the defendant's motion finding that the defendant was reasonably diligent and that plaintiff would not be prejudiced.  Judge Brown cited to Fed. R. Civ. P. 1 and L. Pat. R. 1.3, and stated that the Rules should be construed to further the interests of justice.  2011 WL 149859, at *3.  The same

9

reasoning applies in this case. Notably, Judge Brown denied defendant's proposed amendment to add additional infringing instrumentalities because of the prejudice resulting to the plaintiff. That situation does not exist here since no material prejudice will result to plaintiff from defendant's amendment. Also supporting the Court's ruling is the decision in TFH Publications, supra. In that case the plaintiff's motion to amend its contentions was granted when it was filed only two months after its contentions were filed, trial was not scheduled, and the Markman hearing was not yet held. There is even more reason to grant defendant's amendment here because defendant served its amended contentions fifteen days after the June 17, 2013 due date.[5] Defendant's supplement was served only six weeks late. See Helsinn Healthcare S. A., supra (granting motion to amend two months after invalidity contentions served).

Conclusion

In sum, the Court finds that defendant has satisfied the criteria in L. Pat R. 3.7 and has demonstrated good cause to amend its invalidity contentions.

---

[5] To the extent defendant asks the Court to grant it leave to amend in the future, the request is denied. The Court will address defendant's requests as they are presented and will not grant defendant carte blanche to amend whenever it receives new information. L. Pat. R. 3.7 provides that an amended contention will only be permitted on "timely application" with a demonstration of "good cause."

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 13th day of August, 2013, that defendant's Motion for Leave to Amend Invalidity Contentions is GRANTED, and defendant's invalidity contentions are amended in accordance with Exhibit R to its Reply Brief. [Doc. No. 41-2].

s/Joel Schneider<br>
JOEL SCHNEIDER<br>
United States Magistrate Judge